ORIGINAL

1  **WEILAND GOLDEN LLP**
   Reem J. Bello, State Bar No. 198840
2  rbello@wgllp.com
   Beth E. Gaschen, State Bar No. 245894
3  bgaschen@wgllp.com
   650 Town Center Drive, Suite 950
4  Costa Mesa, California 92626
   Telephone    714-966-1000
5  Facsimile    714-966-1002

6  Attorneys for Chapter 7 Trustee
   Jeffrey I. Golden

7

**FILED**

AUG – 4 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                     **SANTA ANA DIVISION**

11  In re                              | Case No. 8:15-bk-12278-CB

12  MORGAN DREXEN, INC.,               | Chapter 7

13              Debtor.

14

15  JEFFREY I. GOLDEN, Chapter 7 Trustee,   | Adv. No. _____

                   Plaintiff,          | **COMPLAINT FOR:**
16
        v.
17  WALTER LEDDA,                       | 1.  **AVOIDANCE AND RECOVERY OF
                                        |     FRAUDULENT TRANSFERS
18              Defendant.              |     PURSUANT TO 11 U.S.C. §§
                                        |     548(a)(1)(A) and 550;**
19                                      | 2.  **AVOIDANCE AND RECOVERY OF
                                        |     FRAUDULENT TRANSFERS
20                                      |     PURSUANT TO 11 U.S.C. §§
                                        |     548(a)(1)(B) and 550;**
21                                      | 3.  **AVOIDANCE AND RECOVERY OF
                                        |     PREFERENTIAL TRANSFERS
22                                      |     PURSUANT TO 11 U.S.C. §§ 547 AND
                                        |     550;**
23                                      | 4.  **PRESERVATION OF TRANSFERS
                                        |     PURSUANT TO 11 U.S.C. § 551; AND**
24                                      | 5.  **INJUNCTIVE RELIEF**

25

26

27

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**TO THE DEFENDANT AND HIS COUNSEL:**

Jeffrey I. Golden, the chapter 7 trustee (the "Plaintiff" or the "Trustee") for the bankruptcy estate (the "Estate") of Morgan Drexen, Inc. (the "Debtor"), hereby files this adversary complaint for: (1) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550; (2) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550; (3) avoidance and recovery of preferential transfers pursuant to 11 U.S.C. §§ 547 and 550; (4) preservation of transfers pursuant to 11 U.S.C. § 551; and (5) injunctive relief (the "Complaint") against defendant Walter Ledda, and is informed and believes and respectfully alleges as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1.    The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 323, 547, 548, 550, and 551.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (H) and (O).

2.    Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

3.    This adversary proceeding arises out of and relates to the case entitled *Morgan Drexen, Inc.*, a chapter 7 case bearing case number 8:15-bk-12278-CB currently pending in the United States Bankruptcy Court, Central District of California, the Honorable Catherine Bauer presiding.  The Debtor filed a voluntary chapter 7 bankruptcy petition on April 30, 2015 (the "Petition Date").

**PARTIES TO THE ACTION**

4.    The Trustee is the duly appointed, qualified, and acting chapter 7 trustee for the Debtor's bankruptcy estate.

5.    The Trustee is informed that Walter Ledda ("Ledda" or "Defendant") is an individual residing at 11 Via Burrone, Newport Coast, California 92657.

**STATEMENT OF STANDING**

6.    The Debtor filed a voluntary chapter 7 petition on April 30, 2015.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

7.    The Trustee was subsequently appointed as the duly qualified and acting chapter 7 trustee of Debtor's bankruptcy estate.

8.    On May 11, 2015, the Trustee filed an emergency motion to convert the case from one under chapter 7 of the Bankruptcy Code to one under chapter 11.  The motion was granted by order entered on May 14, 2015.  John Hueston was appointed the duly qualified and acting chapter 11 trustee of the Debtor's bankruptcy estate.

9.    On June 19, 2015, the United States Bankruptcy Court (the "Court") issued an Order to Show Why Case Should Not be Converted to Chapter 7 in Light of District Court Order re: Permanent Injunction.  That same day, the Court re-converted the bankruptcy case to one under chapter 7.

10.    On June 19, 2015, the Trustee was re-appointed the duly qualified and acting chapter 7 trustee of the Debtor's bankruptcy estate.

11.    The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 105, 323, 547, 548, 550, and 551.

## GENERAL ALLEGATIONS

12.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 11 as though fully set forth herein.

13.    The Trustee is informed and believes, and on that basis alleges, that prior to the Petition Date, the Debtor provided integrated software systems and administrative support services to businesses and attorneys nationwide.

14.    The Trustee is informed and believes, and on that basis alleges, that prior to the Petition Date, the Debtor owned proprietary software that sought to improve workflow through the use of automated document management.

15.    The Trustee is informed and believes, and on that basis alleges, that prior to the Petition Date, the Debtor provided businesses with marketing, marketing support, call centers, outsourced litigation support, databases, work-product retrieval systems and cloud-computing platforms facilitated by the Debtor's outsourced support staff.

16.    On August 20, 2013, the Consumer Financial Protection Bureau ("CFPB") filed a complaint for permanent injunction and other relief against the Debtor and Defendant (the "CFPB Action"), as well as others, with the United States District Court, Central District of California (the "District Court").

17.    On April 21, 2015, the District Court entered an order granting a motion for the imposition of the sanction of default judgment against the Debtor (the "Default Judgment").

18.    On April 30, 2015, the District Court entered an order temporarily freezing the Debtor's assets pending resolution of the CFPB Action (the "Freeze Order").

19.    In the Freeze Order the District Court found that, "[t]here is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution and disgorgement of compensation for unjust enrichment will occur from the transfer, dissipation, or concealment by Morgan Drexen of its assets unless Morgan Drexen is restrained and enjoined by Order of this Court."

20.    The Trustee is informed and believes, and on that basis alleges, that in late 2014, during the pendency of the CFPB Action, the Debtor transferred substantially all of its assets to MDRX Marketing Services, LLC ("MDRX Marketing"), MDRX Business Services, LLC ("MDRX Business"), and Carthusian IP Holdings, LLC ("Carthusian") (collectively, the "Successor Entities").

21.    The Trustee is informed and believes, and on that basis alleges, that the Debtor transferred its intellectual property to Carthusian.

22.    The Trustee is informed and believes, and on that basis alleges, that the Debtor transferred the balance of the Debtor's assets, including, but not limited to, its business lines of credit, customer lists and fixed assets to MDRX Marketing and MDRX Business.

23.    The Trustee is informed and believes, and on that basis alleges, that Ledda was the Chief Executive Officer ("CEO") of MDRX Business and/or MDRX Marketing.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    24.    On May 8, 2015, the Trustee filed a complaint against MDRX Marketing,

2    MDRX Business, Carthusian, Ledda, and multiple other defendants, seeking, among other

3    things, to avoid and recover the transfer of the Debtor's assets for the benefit of the

4    Estate.  On May 14, 2015, a judgment was entered in favor of the Trustee that recovered

5    all of the transferred assets.

6    25.    The Trustee is informed and believes, and on that basis alleges, that

7    Defendant founded the Debtor in 2007.

8    26.    The Trustee is informed and believes, and on that basis alleges, that

9    Defendant directly or indirectly owns over 90% of the Debtor.

10    27.    The Trustee is informed and believes, and on the basis alleges, that

11    Defendant was employed by the Debtor as its President and CEO.  The Trustee is further

12    informed and believes, and on that basis alleges, that Defendant was one of two members

13    of the Debtor's board of directors.

14    28.    The Trustee is informed and believes, and on that basis alleges, that

15    between May 5, 2014, and April 29, 2015, Defendant received payroll from the Debtor in

16    the amount of $868,900.20 (the "Payroll Transfers").  The details of the Payroll Transfers

17    are set forth in Exhibit "A", attached hereto and incorporated by reference.

18    29.    The Trustee is informed and believes, and on that basis alleges, that

19    Defendant also received $25,295.47 through (i) Defendant's use of the Debtor's corporate

20    credit cards for personal expenditures to which the Debtor received no benefit or value,

21    and (ii) reimbursement from the Debtor for personal purchases through expense reports

22    submitted by Defendant to which the Debtor received no benefit (the "Expense

23    Reimbursements").  The details of the Expense Reimbursements is set forth in Exhibit "B",

24    attached hereto and incorporated by reference.

25    30.    The Trustee is informed and believes, and on that basis alleges, that pre-

26    petition, Defendant was named as a defendant in multiple lawsuits along with the Debtor.

27    The Trustee is further informed and believes, and on that basis alleges, that the Debtor

28    paid for the fees and costs that were incurred by counsel engaged to represent Defendant

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  in these lawsuits (the "Legal Costs") for which the Debtor received no benefit or value.

2  The Trustee is informed and believes, and on that basis alleges, that the Defendant has

3  not reimbursed the Debtor for the amounts paid.

4       31.    The Payroll Transfers, the Expense Reimbursements, and the Legal Costs

5  shall collectively be referred to herein as the "Transfers".[1]

6       32.    The Trustee is informed and believes, and on that basis alleges, that prior to

7  the Transfers, the Debtor had transferred all of its assets to the Successor Entities.

8       33.    According to the Debtor's schedules, as of the Petition Date, the Debtor had

9  $9.9 million in liabilities, which includes general unsecured debt in the amount of

10  $8,353,968.84.

11       34.    The Trustee is informed and believes, and on that basis alleges, that at the

12  time of the Transfers, the Debtor was insolvent.

13       35.    The Trustee is informed and believes, and on that basis alleges, that at all

14  times during which the Transfers were made, Defendant was an insider as that term is

15  defined in 11 U.S.C. § 101(31).

16       36.    The Trustee is informed and believes, and on that basis alleges, that

17  Defendant holds an account at Wells Fargo Bank, N.A. and that account had an account

18  balance of approximately $750,000.00.

19       37.    The Trustee is informed and believes, and on that basis alleges, that

20  Defendant has a 100% ownership interest in Legal Soft, an entity created in 2012, that

21  provided off-premises backup services for the Debtor.  Legal Soft's facility is in Nevada.

22       38.    The Trustee is informed and believes, and on that basis alleges, that

23  Defendant has an interest in WJL Capital Holdings, LLC, which holds Defendant's interest

24  in an income producing property in Texas.

25

26  _____

27    [1] The exact amount of the Transfers will be determined at trial.

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

39.    The Trustee is informed and believes, an on that basis alleges, that Defendant also has an in several vehicles including, but not limited to, a 2010 Aston Martin, a 2013 Bentley Continental, a Toyota Corolla, and his son's Honda Accord.  These interests may be held by a separate limited liability company or trust for the benefit of Defendant.

40.    The Trustee is informed and believes, and on that basis alleges, Defendant may have a direct or indirect interest in a bank account located in Australia.

41.    On June 18, 2015, the District Court entered an order granting a permanent injunction against the Debtor (the "Permanent Injunction") permanently restraining and enjoining the Debtor from: (1) telemarketing debt relief products and services that charge advance fees; (2) misrepresenting consumer financial products or services; (3) making any representation about the benefits, performance, or efficacy of any consumer financial product or service; (4) disclosing, using, or benefitting from customer information; (5) collecting any advance fees from consumers and any further fees from affected consumers.  Since the entry of the Permanent Injunction, the Debtor has ceased doing business.

### FIRST CAUSE OF ACTION

(For Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C.

§§ 548(a)(1)(A) and 550)

42.    The Trustee incorporates each and every allegation contained in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43.    The Trustee is informed and believes, and on that basis alleges, that the Transfers occurred during the two-year period immediately preceding the Petition Date.

44.    The Trustee is informed and believes, and on that basis alleges, that the Transfers were made to Defendant by the Debtor.

45.    The Trustee is informed and believes, and on that basis alleges, that the Transfers were paid from the Debtor's bank accounts and, therefore, constitute an interest of the Debtor in property.

46. The Trustee is informed and believes, and on that bases alleges that, the Transfers were made with the actual intent to hinder, delay or defraud the Debtor's creditors.

47. The Trustee is informed and believes, and on that basis alleges, that creditors existed at the time of the Transfers that remained unpaid as of the Petition Date.

48. The Trustee is informed and believes, and on that basis alleges, that Defendant is an insider of the Debtor.

49. The Trustee is informed and believes, and on that basis alleges, that the Debtor made the Transfers to or for the benefit of Defendant.

50. The Trustee is informed and believes, and on that basis alleges, that Defendant is an initial transferee of the Debtor.

51. The Trustee is informed and believes, and on that basis alleges, that the Debtor received inadequate consideration from Defendant.

52. By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. § 548(a)(1)(A), and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## **SECOND CAUSE OF ACTION**

(For Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C.

§§ 548(a)(1)(B) and 550)

53. The Trustee incorporates each and every allegation contained in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. The Trustee is informed and believes, and on that basis alleges, that the Transfers occurred during the two-year period immediately preceding the Petition Date.

55. The Trustee is informed and believes, and on that basis alleges, that the Transfers were made to Defendant by the Debtor.

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    56.    The Trustee is informed and believes, and on that basis alleges, that the

2    Transfers were paid from the Debtor's bank accounts and, therefore, constitute an interest

3    of the Debtor in property.

4    57.    The Trustee is informed and believes, and on that basis alleges, that the

5    Debtor did not receive reasonably equivalent value for making the Transfers.

6    58.    The Trustee is informed and believes, and on that basis alleges, that the

7    Debtor was insolvent at the Transfers were made, or became insolvent as a result of the

8    Transfers.

9    59.    The Trustee is informed and believes, and on that basis alleges, that at the

10    time of the Transfers, the Debtor was engaged or was about to engage in a business or

11    transaction for which the remaining assets of the Debtor was unreasonably small in

12    relation to the business or transaction.

13    60.    The Trustee is informed and believes, and on that basis alleges, that at the

14    time of the Transfers, the Debtor intended to incur, or believed or reasonably should have

15    believed that it would incur, debts beyond its ability to pay as they became due.

16    61.    The Trustee is informed and believes, and on that basis alleges, that the

17    Transfers were made to or for the benefit of Defendant.

18    62.    The Trustee is informed and believes, and on that basis alleges, that

19    Defendant is an insider of the Debtor.

20    63.    The Trustee is informed and believes, and on that basis alleges, that the

21    Debtor did not make the Transfers in good faith.

22    64.    The Trustee is informed and believes, and on that basis alleges, that

23    Defendant did not take the Transfers for reasonably equivalent value.

24    65.    The Trustee is informed and believes and on that basis alleges, that

25    Defendant did not take the Transfers in good faith.

26    66.    The Trustee is informed and believes, and on that basis alleges, that

27    Defendant is an initial transferee of the Debtor.

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    67.    The Trustee is informed and believes, and on that basis alleges, that the

2  Debtor received inadequate consideration from Defendant.

3    68.    By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to

4  set aside the Transfers pursuant to 11 U.S.C. § 548(a)(1)(B), and Plaintiff is entitled to

5  recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to

6  11 U.S.C. § 550.

7                      **THIRD CAUSE OF ACTION**

8         (For Avoidance and Recovery of Preferential Transfers Pursuant to

9                  11 U.S.C. §§ 547 and 550)

10    69.    The Trustee incorporates each and every allegation contained in paragraphs

11  1 through 68, inclusive, as though fully set forth herein.

12    70.    In the alternative, the Transfers are avoidable as a preference pursuant to

13  11 U.S.C. § 547(b).

14    71.    The Trustee is informed and believes, and on that basis alleges, that the

15  Transfers were to or for the benefit of Defendant because the Transfers either reduced or

16  fully satisfied a debt or debts then owed by the Debtor.

17    72.    The Trustee is informed and believes, and on that basis alleges, that the

18  Transfers were made for, or on account of, an antecedent debt or debts owed by the

19  Debtor to Defendant before the Transfers were made, which constituted a debt or claim.

20    73.    The Trustee is informed and believes, and on that basis alleges, that the

21  Transfers were made while the Debtor was insolvent.

22    74.    The Trustee is informed and believes, and on that basis alleges, that

23  Defendant is an insider.

24    75.    The Trustee is informed and believes, and on that basis alleges, that

25  Defendant received more than he would have received if (i) the case were a case under

26  chapter 7; (ii) the Transfers had not been made; and (iii) Defendant received payment of

27  its debts under the provisions of the Bankruptcy Code.

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

76.     The Trustee is informed and believes, and on that basis alleges, that the Debtor made the Transfers to or for the benefit of Defendant.

77.     The Trustee is informed and believes, and on that basis alleges, that Defendant is an initial transferee of the Debtor.

78.     The Trustee is informed and believes, and on that basis alleges, that the Debtor received inadequate consideration from Defendant.

79.     The Trustee is informed and believes and on that basis alleges, that Defendant did not take the Transfers in good faith.

80.     By reason of the foregoing, the Transfers are avoidable, Plaintiff is entitled to set aside the Transfers pursuant to 11 U.S.C. § 547(b), and Plaintiff is entitled to recover the Transfers or the value of the Transfers for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## FOURTH CAUSE OF ACTION

(Preservation of Recovered Transfers Pursuant to 11 U.S.C. § 551)

81.     The Trustee incorporates each and every allegation contained in paragraphs 1 through 80, inclusive, as though fully set forth herein.

82.     Pursuant to 11 U.S.C. § 551, the Transfers are preserved for the benefit of the Estate as the Transfers are avoidable under 11 U.S.C. §§ 547, 548, and 550 as set forth above.

## FIFTH CAUSE OF ACTION

(For Injunctive Relief)

83.     The Trustee incorporates each and every allegation contained in paragraphs 1 through 82, inclusive, as though fully set forth herein.

84.     In order to prevent the transfer, dissipation, encumbrance or impairment of the value of the Transfers, the Trustee seeks an injunction, including a temporary restraining order, preventing the sale or transfer of title of any assets directly or indirectly owned by Defendant wherever located, preventing Defendant from relocating any asset in which he may have a direct or indirect interest without the authorization of the Trustee,

1  preventing the imposition of any lien or other encumbrance on any assets directly or

2  indirectly owned by Defendant, freezing any and all bank accounts in the name of

3  Defendant or in which Defendant has an interest wherever located, and any other

4  equitable relief that the Trustee deems necessary in order to preserve the value of the

5  Transfers for the benefit of the Debtor's creditors.

6         85.     The Trustee has a high likelihood of obtaining relief on the claims prayed for

7  herein.

8         86.     Unless injunctive relief is issued in the form of a temporary restraining order

9  and preliminary injunction enjoining the transfer, dissipation, encumbrance or impairment

10  of the value of the Transfers, the Estate and its creditors face the risk of immediate and

11  irreparable harm.

12         87.     The issues of the foregoing relief substantially outweighs any harm that

13  might accrue to Defendant.

14         88.     The issuance of the foregoing injunctive relief is in the public interest.

15         89.     In order to insure that the claims of the Estate are not primed by claims that

16  may be asserted by future creditors seeking relief against Defendant and against the

17  Transfers, the injunctive relief referenced above should also serve as a lien against the

18  Fraudulent Transfers such that any future judgment obtained by the Estate will relate back

19  to the date of the injunction and have priority over all other intervening claims.

20                         **RESERVATION OF RIGHTS**

21         90.     During the course of this proceeding, the Trustee may discover (through

22  discovery or otherwise) additional transfers made to Defendant during the relevant

23  fraudulent transfer or preferential transfer periods.  It is the Trustee's intention to avoid

24  and recover all transfers made by the Debtor of an interest in the Debtor's property and to

25  or for the benefit of Defendant or any other transferee.

26         91.     The Trustee reserves his right to amend this original Complaint, to include,

27  among other things: (i) further information regarding the Transfers; (ii) additional transfers;

28  (iii) modifications of and revisions to Defendant's name; (iv) additional defendants; and (v)

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  additional causes of action, that may become known to the Trustee at any time during this

2  adversary proceeding through formal discovery or otherwise, and for the amendments to

3  relate back to this Complaint.

4      92.    The Trustee reserves the right to bring all other claims or causes of action

5  that the Trustee might have against Defendant, on any and all grounds, as allowed under

6  the law or in equity.  Additionally, nothing contained in this Complaint shall be construed

7  as a waiver of the Trustee's right to object to any proof of claim filed by Defendant.

8  Accordingly, the Trustee reserves the right to object, on any and all grounds, to any proof

9  of claim asserted by Defendant.

10     **WHEREFORE**, the Trustee prays the Court enter a judgment against Defendant as

11  follows:

12  **On the First Claim for Relief**

13     1.    Avoiding the Transfers and declaring that the Transfers be annulled and

14  rendered void as fraudulent transfers and for recovery of the value of the Transfers for the

15  benefit of the Estate.

16     2.    Awarding the Estate a money judgment against Defendant in the amount of

17  the Transfers.

18  **On the Second Claim for Relief**

19     3.    Avoiding the Transfers and declaring that the Transfers be annulled and

20  rendered void as fraudulent transfers and for recovery of the value of the Transfers for the

21  benefit of the Estate.

22     4.    Awarding the Estate a money judgment against Defendant in the amount of

23  the Transfers.

24  **On the Third Claim for Relief**

25     5.    Avoiding the Transfers and declaring that the Transfers be annulled and

26  rendered void as preferential transfers and for recovery of the value of the Transfers for

27  the benefit of the Estate.

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    6.    Awarding the Estate a money judgment against Defendant in the amount of

2  the Transfers.

3    **On the Fourth Claim for Relief**

4    7.    For preservation of the Transfers for the benefit of the Estate.

5    **On the Fifth Claim for Relief**

6    8.    For the issuance of a temporary restraining order and after a notice and a

7  hearing, the issuance of a preliminary injunction incorporating the relief described herein.

8    **On all Claims for Relief**

9    9.    Plaintiff be awarded his costs and attorneys' fees incurred in this action;

10    10.    For pre-judgment and post-judgment interest at the maximum legal rate; and

11    11.    For such other and further relief as the Court deems just and proper.

12

13    Respectfully submitted,

14  Dated:  August 4, 2015    WEILAND GOLDEN LLP

15

16    By:    */s/ Beth E. Gaschen*

17    BETH E. GASCHEN
    Special Litigation Counsel for Chapter
    7 Trustee, Jeffrey I. Golden

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1035623.4    14    COMPLAINT

EXHIBIT A

**Exhibit A**

| Date | Amount |
|---|---|
| 5/5/14 | $ 31,666.67 |
| 5/20/14 | $ 31,666.67 |
| 6/5/14 | $ 31,666.67 |
| 7/3/14 | $ 9,983.87 |
| 8/20/14 | $ 238.43 |
| 10/20/14 | $ 41,666.67 |
| 11/5/14 | $ 41,666.67 |
| 11/20/14 | $ 41,666.67 |
| 12/4/14 | $ 41,666.67 |
| 12/31/14 | $ 13,677.84 |
| 1/5/15 | $ 31,666.67 |
| 1/20/15 | $ 31,666.67 |
| 2/5/15 | $ 31,666.67 |
| 2/20/15 | $ 31,666.67 |
| 2/20/15 | $ 40,000.00 |
| 3/5/15 | $ 31,666.67 |
| 3/5/15 | $ 31,666.67 |
| 3/20/15 | $ 31,666.67 |
| 3/20/15 | $ 41,666.67 |
| 4/3/15 | $ 31,666.67 |
| 4/3/15 | $ 20,000.00 |
| 4/20/15 | $ 31,666.67 |
| 4/20/15 | $ 65,000.00 |
| 4/28/15 | $ 100,000.00 |
| 4/29/15 | $ 31,666.67 |
| **TOTAL** | $ 868,900.20 |

EXHIBIT A  PAGE 15

EXHIBIT B

## EXHIBIT B

| Date | Description | Amount |
|---|---|---|
| **Morgan Drexen, Inc. - American Express Card** | | |
| 3/2015 | Habana 5429298057715 Costa Mesa CA Restaurant | $25.06 |
| 3/2015 | Chevron R.T.D.D.Inc Los Angeles CA | $90.00 |
| 12/2014 | Barnes & Noble .com | $13.49 |
| 12/2014 | Barnes & Noble .com | $14.99 |
| 12/2014 | An Q1 Costa Mesa Restaurant | $29.87 |
| 12/2014 | D & L Gass Santa Ana | $65.80 |
| 12/2014 | Walton Greenlaw city Orange Parking | $10.00 |
| 12/2014 | Palm rest-Beverly Hills Restaurant | $51.83 |
| 12/2014 | Palm rest-Beverly Hills Restaurant | $420.61 |
| 12/2014 | Chevron G & M oil  Costa Mesa | $57.60 |
| 12/2014 | Tandoori India Cuisisanta Ana | $26.49 |
| 1/2015 | Walter Ledda Annual Membership | $450.00 |
| 1/2015 | Chevron G & M oil  Costa Mesa | $60.50 |
| 1/2015 | Exxonmobil Corona Del Ma | $56.30 |
| 2/2015 | Barnes & Noble .com | $4.99 |
| 2/2015 | Barnes & Noble .com | $59.99 |
| 11/2014 | AMEXTVL 800-297 AMEX CHICAGO          IL | $60.00 |
| 11/2014 | AMEXTVL 800-297 AMEX CHICAGO          IL | $5,692.91 |
| 11/2014 | AMEX TRAVEL PURCHASE WITH MR POINTS CREDIT | $2,737.77 |
| 12/2014 | DELTA AIR LINES INC. CHICAGO          IL | $1,168.50 |
| 12/2014 | DELTA AIR LINES INC. CHICAGO          IL | $1,168.50 |
| **Morgan Drexen, Inc. - Bank of America Card** | | |
| 7/2014 | SHARKY'S WOODFIRED MEX | $18.64 |
| 7/2014 | AN QI | $62.65 |
| 7/2014 | MERIDIEN HOTELS | $1.33 |
| 7/2014 | MERIDIEN HOTELS | $1.33 |
| 7/2014 | GOGOAIR.COM | $34.95 |
| 7/2014 | GOGOAIR.COM | $16.95 |
| 7/2014 | JWA VALET PARKING | $60.00 |
| 7/2014 | MERIDIEN HOTELS | $131.95 |
| 7/2014 | MERIDIEN HOTELS | $131.95 |
| 7/2014 | MERIDIEN HOTELS | $6.00 |
| 7/2014 | CHEVRON 00205967 | $95.15 |
| 7/2014 | AVANTE GARDENS FLORALS | $121.99 |
| 6/2014 | ENTERPRISE RENT-A-CAR | $15.00 |
| 6/2014 | EMAIL-LIST.COM | $299.00 |
| 6/2014 | AVANTE GARDENS FLORALS | $67.99 |
| 6/2014 | DELTA AIR   0062363020514 | $1,497.00 |
| 5/2014 | AN QI | $35.16 |

| | | |
|---|---|---|
| 5/2014 | MASTRO'S COSTA MESA | $326.76 |
| 5/2014 | AVANTE GARDENS FLORALS | $121.99 |
| 5/2014 | CHEVRON 00205967 | $104.3 |
| 5/2014 | JAVIER'S CRYSTAL COVE | $171.96 |
| 5/2014 | CHEVRON 00205967 | $93.2 |
| **Morgan Drexen, Inc. - US Bank Card** | | |
| 1/2015 | AVANTE GARDENS FLORALS | $121.99 |
| 1/2015 | AMAZON.COM | $200.00 |
| 12/2014 | VIVID SEATS | $654.35 |
| 12/2014 | TELECHARGE SVCE | $617.75 |
| 12/2014 | AN QI COSTA MESA CA | $88.46 |
| 12/2014 | CHEVRON 00201093 NEWPORT BEACH CA | $75.4 |
| 12/2014 | QUATTRO CAFFE COSTA MESA CA | $39.48 |
| 12/2014 | GOGOAIR.COM 877-350-0038 IL | $28.95 |
| 12/2014 | GOGOAIR.COM 877-350-0038 IL | $28.95 |
| 11/2014 | CHEVRON 00205967 | $78.1 |
| 11/2014 | PINOT PROVENCE | $57.52 |
| 11/2014 | QUATTRO CAFFE | $37.29 |
| 11/2014 | THE FLAME BROILER | $8.95 |
| 11/2014 | FRONTIER AI 4222181233668 | $1009.2 |
| 11/2014 | AN QI | $204.65 |
| 11/2014 | EXXONMOBIL    97645980 | $92.5 |
| 11/2014 | THE BEVERLY HILLS PENI | $31.16 |
| 11/2014 | THE BEVERLY HILLS PENI | $90.3 |
| 11/2014 | BEST BUY MHT  00001198 | $890.57 |
| 11/2014 | HOTEL IRVINE JAMBOREE FB | $16.34 |
| 11/2014 | SHELLY'S BACK ROOM | $73.64 |
| 11/2014 | NEWS TRAVELS | $21.51 |
| 11/2014 | SQ *INDPANDENT | $17.4 |
| 11/2014 | TAXICHARG WASHINGTONDC | $9.47 |
| 11/2014 | QUIZNOS A #46 | $6.86 |
| 11/2014 | OCEANAIRE-WASHINGTONDC | $194.95 |
| 11/2014 | DC TAXI E256 | $12.17 |
| 11/2014 | DC TAXI A232 | $15.06 |
| 11/2014 | SHELLY'S BACK ROOM | $71.77 |
| 11/2014 | TAXICHARG WASHINGTONDC | $11.09 |
| 11/2014 | PANDA-CONCOURSE A Q75 | $9.66 |
| 11/2014 | YELLOW CAB CO OF DC | $15.82 |
| 11/2014 | 13TH ST. AUBONPAIN 143 | $8.99 |
| 11/2014 | W HOTELS | $1228.32 |
| 11/2014 | W HOTELS | $39.61 |
| 11/2014 | JWA VALET PARKING | $90.00 |
| 11/2014 | OTG DCA VENTURE II, LLC | $5.49 |
| 11/2014 | MAGTALBERT LLC | $49.7 |

- 2 -

EXHIBIT B  PAGE  17

| | | |
|---|---|---|
| 11/2014 | CHARLIE PALMER AT BLOO | $22.36 |

**Expense Reports Submitted to Morgan Drexen, Inc.**

| | | |
|---|---|---|
| 07/10/2014 | 1-16-2014-IN | $180.83 |
| 07/10/2014 | Feb-20-2014-IN | $178.05 |
| 03/14/2014 | Fedexreimb31414-IN | $100.00 |
| 07/10/2014 | Mar-24-2014-IN | $177.28 |
| 10/07/2014 | Aug-27-2014-IN | $1,129.41 |
| 04/07/2015 | Mar-24-2015-IN | $1,673.67 |
| | **TOTAL** | $25,395.47 |

5011151.1

EXHIBIT B  PAGE  18

ORIGINAL

FORM B104  (08/07)                                                        2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>Jeffrey I. Golden, Chapter 7 Trustee | **DEFENDANTS**<br>Walter Ledda |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Weiland Golden LLP<br>650 Town Center Drive, Suite 950, Costa Mesa, CA  92626<br>Phone: (714) 966-1000 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☑ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
1. Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§548(a)(1)(A) and 550; (2) Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§548(a)(1)(B) and 550; (3) Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§547 and 550; (4) Preservation of Transfers Pursuant to 11 U.S.C. §551; and (5) Injunctive Relief

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property – §542 turnover of property
☑ [2] 12-Recovery of money/property – §547 preference
☑ [1] 13-Recovery of money/property – §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge – §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability – §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability – §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), willful and malicious injury
☐ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ [3] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 895,000.00 |

Other Relief Sought

RECEIVED
AUG - 4 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

FORM B104 (08/07), page 2                                              2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| MORGAN DREXEN, INC. | 9:15-12778 CB |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL | SANTA ANA | CATHERINE BAUER |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
|  |  |  |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
|  |  |  |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 8/4/15 | BETH E. GASCHEN |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.